[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11341
Non-Argument Calendar

_____

Agency No. A038-869-762

ISSAC DANILO MATUTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 4, 2009)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Issac Danilo Matute, a native and citizen of Honduras, through

counsel, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable and denying his application for a waiver of inadmissibility under former § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (1996). We deny the petition.

I.

In 2005, the Department of Homeland Security ("DHS") served Matute with a notice to appear ("NTA"), charging him with removability on three grounds: (1) under INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), for being convicted of a crime involving moral turpitude within five years of admission for which a sentence of one year or longer may be imposed; (2) under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), for being convicted, any time after admission, of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct; and (3) under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D), for being an alien who has falsely represented himself to be a citizen of the United States for any purpose or benefit under either the INA or a federal or state law.

Matute conceded his removability on the first two grounds, based on his 1990 Florida state court convictions for grand theft vehicle, burglary of a conveyance, and possession of burglary tools. With regard to the third ground, Matute conceded that, in 2004, he filed a voter registration application in which he

2

falsely claimed to be a citizen of the United States, but he argued that he was not removable on that basis because he did not do so "knowingly." Matute also filed an application for a waiver of inadmissibility on the moral turpitude grounds, under former INA § 212(c), 8 U.S.C. § 1182(c) (1996), but he conceded that the false representation charge was not subject to a waiver and, accordingly, if the IJ sustained that charge, his waiver argument would be moot.

Following a removal hearing, the IJ found Matute removable as charged. The IJ also implicitly denied Matute's application for a waiver of inadmissibility, finding him ineligible for such relief based on his removability under INA § 237(a)(3)(D). Even so, the IJ explicitly stated that he "[was] not denying the application for the waiver in the exercise of discretion, meaning that should the case come back on remand, [Matute] would be free to pursue the application . . . ."

The BIA likewise denied relief. It noted Matute's criminal convictions and affirmed the IJ's finding that Matute "knowingly made a false representation to United States citizenship in registering to vote," as necessary to sustain the third charge, under INA § 237(a)(3)(D).

On appeal, Matute first argues that a jurisdictional bar to reviewing discretionary decisions does not apply to his case. Substantively, he challenges the BIA's finding that he misrepresented his citizenship status and argues that the BIA should have interpreted the statute to include a mens rea requirement that such

3

misrepresentation be made "knowingly." While Matute concedes that a second jurisdictional bar involving criminal aliens applies, he maintains that we still have jurisdiction to consider his petition because he has raised a question of law.[1] We agree that the misrepresentation must have been made knowingly and to the extent that this conclusion is a legal determination, we have jurisdiction. However, there is no question that the IJ conducted a hearing, heard testimony, and determined that Matute did know that he was signing a false statement. We find no error.

**PETITION DENIED.**

---

[1]Matute also raises several new claims for the first time on appeal, but we lack jurisdiction to review these arguments. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) ("[A]bsent a cognizable excuse or exception," this Court "lack[s] jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").